1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CASE NO.: _____

JOHN DOE, by and through
JOHN DOE'S MOTHER,
as parent and next friend,

    Plaintiff,

vs.

CHICAGO PUBLIC SCHOOLS, and
CHICAGO BOARD OF EDUCATION,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, JOHN DOE, a minor male child, by and through JOHN DOE'S MOTHER as parent and next friend, by and through his attorney, JESSICA D. ARBOUR, P.C., complaining against Defendants, CHICAGO BOARD OF EDUCATION and CHICAGO PUBLIC SCHOOLS, and states the following:

### JURISDICTION, VENUE AND PARTIES

1.     JOHN DOE is a resident of Cook County, Illinois, and is not *sui juris* by virtue of his minority. JOHN DOE'S MOTHER, a parent and next friend of JOHN DOE, is a resident of Cook County, Illinois, is over 18, and is otherwise *sui juris*. This action is brought under a pseudonym to protect the identity of JOHN DOE, who is a very young child and a victim of sexual abuse. The identity of the parties has been made known to the Defendants under separate cover.

2.     CHICAGO PUBLIC SCHOOLS (CPS) is the political/government subdivision that operates the public schools in Chicago, Illinois, with principal places of business at 125 South Clark

Street., 7th Floor, Chicago, Illinois, and 42 West Madison St., Chicago, Illinois. At all times relevant, CPS operated and/or directed operations at WENDELL SMITH ELEMENTARY SCHOOL, located at 744 E. 103rd Street in Chicago, Illinois, and was the primary employer of the school principal and teachers.

3. The CHICAGO BOARD OF EDUCATION (CBOE) is the political/government subdivision that is responsible for the financial, organizational, and governance oversight of CPS. Its principal place of business is located at 1 North Dearborn St., suite 950, Chicago, Illinois. At all times relevant, CBOE operated and/or directed operations at WENDELL SMITH ELEMENTARY SCHOOL, located at 744 E. 103rd Street in Chicago, Illinois, and was the primary employer of the school principal and teachers.

4. The court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331 and 1367, and 20 U.S.C. §1681(a).

5. The court has supplemental jurisdiction on the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. §1391 as the Defendants reside in this District and a substantial part of the events and omissions giving rise to the claim occurred in this District.

**FACTUAL ALLEGATIONS**

7. At all times relevant, JOHN DOE was a five year old kindergarten student at WENDELL SMITH ELEMENTARY SCHOOL. Defendants assigned him to a kindergarten class supervised by teacher Danielle Roberson. He was born in August, 2008.

8. While the kindergarten classroom had a private bathroom for the students' use, Ms. Roberson allowed the students to use the bathroom facilities located outside of the classroom and

intended for use by the older students. Upon information and belief, she routinely allowed students to leave the classroom to use the bathrooms without any supervision.

9. In January 2014, the principal of Wendell Smith Elementary School, Tiffany Brown, became aware that two kindergarten students, JOHN DOE and R.O.,[1] were using a school bathroom outside of the kindergarten classroom without adult supervision. During the course of one of these unsupervised trips to the bathroom, R.O. forced JOHN DOE to engage in sexual activity.

10. Ms. Brown became aware of the specific nature of the incident the day that it occurred when another school employee informed her that he overheard the boys fighting from the hallway and, upon opening the door to investigate, discovered the boys naked from the waist down. She learned additional details about what occurred when JOHN DOE's MOTHER called her the following morning and informed her of the specific sexual acts performed and/or demanded by R.O. Ms. Brown then called the parents of the children in for conferences to discuss the incident, at which time the details were discussed further.

11. Therefore, there is no dispute that Ms. Brown, in her capacity as the principal of WENDELL SMITH ELEMENTARY SCHOOL, had actual knowledge no later than January 2014 of the sexual nature of the incident, the identities of the students involved, and the location of the incident (specifically, an unsupervised bathroom outside of the kindergarten classroom).

12. Upon information and belief, Ms. Brown reported this same information to her supervisors and authorities at both CPS and CBOE.

13. Upon information and belief, the boys' kindergarten teacher, Danielle Roberson, was

---

[1] The alleged perpetrators were also kindergarten students at the time of the incidents. Due to their age and the sensitive nature of the allegations, their identity is not being made part of this public

JESSICA D. ARBOUR, P.C. | 2443 W. 16TH ST. | CHICAGO, IL 60608 | (312) 854-8091

4

also informed of the incidents, the students involved, and the sexual nature of the behavior.

14. Despite this notice and knowledge, the Defendants took no action to address the incident or otherwise protect JOHN DOE. He continued to attend the same class as R.O. after January 2014 and no restrictions were put on R.O. as it pertained to JOHN DOE, nor did the supervision of JOHN DOE change. At the same time, the Defendants did nothing to warn the parents of students and their families that their five year old children were allowed to use the bathroom without proper supervision, or of the known danger posed by R.O.

15. On at least two occasions after January 2014, R.O. was allowed to accompany JOHN DOE to the outside bathroom, and, on both occasions, R.O. again sexually abused JOHN DOE in a manner similar to that originally reported in January 2014. In at least one incident, JOHN DOE was also abused by K.W., R.O.'s cousin, who was in the same kindergarten class.

16. Despite having been informed of the sexual abuse earlier in the year, rather than protect JOHN DOE and the other children, Ms. Roberson regularly attempted to embarrass JOHN DOE by commenting in front of other students and even parents that he does "nasty things" in the bathroom with other boys, and, on another occasion, threated to cut off his penis.

17. Both before and after the January 2014 incident, R.O. and K.W. regularly engaged in aggressive sexualized behavior with each other and with other students on school grounds and in plain view of the teacher, administrators, other students, and parents.

18. Upon information and belief, Ms. Brown finally reported the June 2014 incident to DCF, which she made on the basis that the children were neglected or otherwise not supervised at the time of the incident. None of the other incidents were reported to DCF.

---

record. However, the identities have been provided to Defendants under separate cover.

19. As a result of this sexual abuse and the Defendants' reactions, JOHN DOE has suffered and will continue to suffer severe psychological and emotional injuries.

20. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorneys' fees.

21. All conditions precedent to bringing the claims in this lawsuit have been satisfied and/or waived. On or about July 17, 2014, Plaintiff sent a claim notice to Chicago Public Schools, and again on December 7, 2014.

## COUNT I- Defendant CHICAGO PUBLIC SCHOOLS
*Violation of Title IX, Education Amendments of 1972 - 20 U.S.C. §1681 et seq.*

22. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 21 above.

23. At all relevant times, the education program or activity at WENDELL SMITH ELEMENTARY SCHOOL received federal financial assistance.

24. JOHN DOE had a right to not be subject to sexual discrimination, harassment or abuse while he participated in that education program or activity.

25. Defendant CHICAGO PUBLIC SCHOOLS had actual notice of the violation of JOHN DOE's rights no later than January 2014.

26. CHICAGO PUBLIC SCHOOLS, by and through its agents and employees, including, but not limited to, Tiffany Brown, had authority to address the acts of abuse and institute corrective measures.

27. The decisions of CHICAGO PUBLIC SCHOOLS, by and through its agents and employees, including, but not limited to, Tiffany Brown, to allow R.O. and K.W. to have unfettered,

unsupervised access to JOHN DOE and not institute any corrective measures were official decisions to ignore the danger of sexual abuse to JOHN DOE and the threat posed to him and other children.

28. The January 2014 complaint alerted CHICAGO PUBLIC SCHOOLS and its agents and representatives, to R.O.'s propensity to commit sexually abusive acts on other students while on school grounds, and that offensive, harmful activity could occur if the children were left unsupervised in a bathroom.

29. Despite this actual notice, CHICAGO PUBLIC SCHOOLS, and its agents and representatives, acted with deliberate indifference in failing to take any action to restrict R.O.'s unsupervised and unfettered access to JOHN DOE.

30. Moreover, CHICAGO PUBLIC SCHOOLS, and its agents and representatives, acted with deliberate indifference in failing to take any action to prevent children from being left alone in the bathroom without supervision given the actual knowledge of the risk that it created.

31. Additionally, CHICAGO PUBLIC SCHOOLS, its agents and representatives, acted with deliberate indifference by choosing not to make a mandated report to DCFS in clear violation of 325 ILCS 5/3, given that JOHN DOE met the criteria for a "neglected child."

32. As a result of these decisions, JOHN DOE was sexually abused by R.O. on at least two more occasions.

33. JOHN DOE has suffered damages as a result of Defendant CHICAGO PUBLIC SCHOOL'S deliberate indifference.

WHEREFORE, Plaintiffs demand compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court deems just and proper.

## COUNT II- Defendant CHICAGO BOARD OF EDUCATION
*Violation of Title IX, Education Amendments of 1972 - 20 U.S.C. §1681 et seq.*

34. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 21 above.

35. At all relevant times, the education program or activity at WENDELL SMITH ELEMENTARY SCHOOL received federal financial assistance.

36. JOHN DOE had a right to not be subject to sexual discrimination, harassment or abuse while he participated in that education program or activity.

37. Defendant CHICAGO BOARD OF EDUCATION had actual notice of the violation of JOHN DOE's rights no later than January 2014.

38. CHICAGO BOARD OF EDUCATION, by and through its agents and employees, including, but not limited to, Tiffany Brown, had authority to address the acts of abuse and institute corrective measures.

39. The decisions of CHICAGO BOARD OF EDUCATION, by and through its agents and employees, including, but not limited to, Tiffany Brown, to allow R.O. to have unfettered, unsupervised access to JOHN DOE and not institute any corrective measures were official decisions to ignore the danger of sexual abuse to JOHN DOE and the threat posed to him and other children.

40. The January 2014 complaint alerted CHICAGO BOARD OF EDUCATION and its agents and representatives, to R.O.'s propensity to commit sexually abusive acts on other students while on school grounds.

41. Despite this actual notice, CHICAGO BOARD OF EDUCATION, and its agents and representatives, acted with deliberate indifference in failing to take any action to restrict R.O.'s

unsupervised and unfettered access to JOHN DOE.

42. Moreover, CHICAGO BOARD OF EDUCATION, and its agents and representatives, acted with deliberate indifference in failing to take any action to prevent children from being left alone in the bathroom without supervision given the actual knowledge of the risk that it created.

43. Additionally, CHICAGO BOARD OF EDUCATION, its agents and representatives, acted with deliberate indifference by choosing not to make a mandated report to DCFS, in clear violation of 325 ILCS 5/3, given that JOHN DOE met the criteria for a "neglected child."

44. As a result of this inaction, JOHN DOE continued to be sexually abused by R.O. on at least two more occasions.

45. JOHN DOE has suffered damages as a result of Defendant CHICAGO BOARD OF EDUCATION'S deliberate indifference.

WHEREFORE, Plaintiffs demand compensatory damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and such other and further relief as this Court deems just and proper.

## COUNT III: Defendant CHICAGO PUBLIC SCHOOLS
### *Negligence*

46. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 21 above.

47. At all material times, Plaintiff JOHN DOE was a student at Wendell Smith Elementary School, which is under the supervision, direction and control of Defendant, CHICAGO PUBLIC SCHOOLS.

48. Defendant CHICAGO PUBLIC SCHOOLS had a duty to protect the safety of the minors who attended Wendell Smith Elementary School and who were entrusted in its care, including JOHN DOE.

49. Defendant had a duty to reasonably supervise the activities of R.O., another student entrusted to its care, including his interactions with other children like JOHN DOE.

50. Defendant had a duty to properly train and supervise Danielle Roberson in her duties as a kindergarten teacher, including setting and enforcing policies relating to the supervision of children, unauthorized bathroom use, and the proper way to respond to an allegation of sexual abuse.

51. Defendant had a duty to reasonably supervise the activities of Tiffany Brown and Danielle Roberson, both employees entrusted with the care and supervision of JOHN DOE, to ensure that no children were put at an unreasonable risk of harm for sexual abuse due to their failure to properly supervise the school, or due to the deliberate choice to ignore red flags like the sexually aggressive behavior of R.O. and K.W. that occurred frequently and in plain view of the school's employees.

52. Defendant had a duty to respond to the initial incident of sexual abuse in such a way as to prevent additional incidents from happening, and so as to prevent additional damage to JOHN DOE.

53. Defendant knew or should have known that R.O. committed harmful and offensive sexual acts against students, including JOHN DOE, engaged in lewd behavior in the presence of other students, and/or that he had a propensity to commit such acts in the future.

54. Defendant's conduct in allowing R.O. to have access to and de facto supervision over JOHN DOE at WENDELL SMITH ELEMENTARY SCHOOL was unreasonable under the circumstances and shows a conscious disregard of the safety and welfare of the minors entrusted to its care.

55. Defendant's conduct in responding to the first incident and failing to prevent

additional incidents was unreasonable under the circumstances and shows a deliberate intention to harm or otherwise conscious disregard for the safety and welfare of JOHN DOE and other children entrusted to their care.

56. Defendant's failure to properly train and supervise the activities of Danielle Roberson was unreasonable under the circumstances and shows a conscious disregard for the safety and welfare of the children entrusted to her care.

57. The incidents of sexual abuse could not have occurred but for a deliberate failure to properly supervise the children.

58. The acts and omissions of Defendant, which led to the sexual abuse of JOHN DOE, were willful and wanton.

59. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered, and will continue to suffer, physical, mental, and emotional damages.

WHEREFORE, Plaintiffs demand judgment against CHICAGO PUBLIC SCHOOLS, for compensatory damages, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV: Defendant CHICAGO BOARD OF EDUCATION
### *Negligence*

60. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 21 above.

61. At all material times, Plaintiff JOHN DOE was a student at Wendell Smith Elementary School, which is under the supervision, direction and control of Defendant, CHICAGO BOARD OF EDUCATION.

62. Defendant CHICAGO BOARD OF EDUCATION had a duty to protect the safety of

11

the minors who attended Wendell Smith Elementary School and who were entrusted in its care, including JOHN DOE.

63. Defendant had a duty to reasonably supervise the activities of R.O., another student entrusted to its care, including his interactions with other children like JOHN DOE.

64. Defendant had a duty to reasonably supervise the activities of Tiffany Brown and Danielle Roberson, both employees entrusted with the care and supervision of JOHN DOE, to ensure that no children were put at an unreasonable risk of harm for sexual abuse due to their failure to properly supervise the school, or due to the deliberate choice to ignore red flags like the sexually aggressive behavior of R.O. and K.W. that occurred frequently and in plain view of the school's employees.

65. Defendant had a duty to properly train and supervise Danielle Roberson in her duties as a kindergarten teacher, including setting and enforcing policies relating to the supervision of children, unauthorized bathroom use, and the proper way to respond to an allegation of sexual abuse.

66. Defendant had a duty to respond to the initial incident of sexual abuse in such a way as to prevent additional incidents from happening, and so as to prevent additional damage to JOHN DOE.

67. Defendant knew or should have known that R.O. committed harmful and offensive sexual acts against students, including JOHN DOE, engaged in lewd behavior in the presence of other students, and/or that he had a propensity to commit such acts in the future.

68. Defendant's conduct in allowing R.O. to have access to and de facto supervision over JOHN DOE at WENDELL SMITH ELEMENTARY SCHOOL was unreasonable under the circumstances and shows a conscious disregard of the safety and welfare of the minors entrusted to

its care.

69. Defendant's conduct in responding to the first incident and failing to prevent additional incidents was unreasonable under the circumstances and shows a deliberate intention to harm or otherwise conscious disregard for the safety and welfare of JOHN DOE and other children entrusted to their care.

70. Defendant's failure to properly train and supervise the activities of Danielle Roberson was unreasonable under the circumstances and shows a conscious disregard for the safety and welfare of the children entrusted to her care.

71. The incidents of sexual abuse could not have occurred but for a deliberate failure to properly supervise the children.

72. The acts and omissions of Defendant, which led to the sexual abuse of JOHN DOE, were willful and wanton.

73. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff has suffered, and will continue to suffer, serious physical, mental, and emotional damages.

WHEREFORE, Plaintiffs demand judgment against CHICAGO BOARD OF EDUCATION, for compensatory damages, costs, and such other and further relief as this Court deems just and proper.

13

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Dated: June 8, 2015.

Respectfully submitted,

By: /s/ Jessica D. Arbour
Jessica D. Arbour
IL Bar No. 6312271
jessica@arbourlaw.com
LAW OFFICE OF JESSICA D. ARBOUR, P.C.
*Attorney for Plaintiff*
2443 West 16th Street, #18
Chicago, IL 60608
(312) 854-8091
F: (312) 896-8271